UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT L SPILLARD,<br>      Plaintiff,<br>      v.<br>JON S. TIGAR,<br>      Defendant. | Case No. 21-cv-02648-EMC<br><br>**ORDER OF DISMISSAL** |

Everett Spillard, a prisoner at the California Medical Facility in Vacaville, filed this action for writ of mandamus to compel Judge Tigar "to give notice on any and all rulings before his court." Docket No. 1 at 1. Mr. Spillard alleges that Judge Tigar has made several errors in *Spillard v. Hoffman,* 19-cv-1407 JST, and asks that Judge Tigar be ordered to give notice of his rulings in that case.

Mr. Spillard's petition is now before the Court for review under 28 U.S.C. § 1915A(a), which requires a district court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

A district court does not have authority to issue a writ of mandamus to another district court. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987). This Court thus lacks jurisdiction to order Judge Tigar to do anything in a case pending before him. Mr. Spillard's petition for writ of mandamus must be dismissed.

Treating the petition as an appeal would not help Mr. Spillard because a district court also does not have appellate jurisdiction over another district court. *See id.* at 1392-93 & n.19. This Court lacks jurisdiction to review or overturn any decision by Judge Tigar in a case pending before him.

There also is no reason to grant leave to permit Mr. Spillard to file a civil complaint against Judge Tigar because it would be futile. A federal judge is absolutely immune from civil liability for acts performed in his or her judicial capacity; this immunity is not limited to immunity from damages, but also extends to actions for declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis*, 828 F.2d at 1394 (applying judicial immunity to actions under *Bivens*); *see also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)."). As a federal judge, Judge Tigar would have absolute judicial immunity against Mr. Spillard's claim against him because his allegedly wrongful acts were acts done in his judicial capacity.

If Mr. Spillard wants to challenge a decision made by Judge Tigar, his recourse is limited to filing a motion in the case pending before Judge Tigar or filing an appeal in the Ninth Circuit. (This Court does not suggest that these methods would be successful, but only points out that these are the methods by which a litigant would make the challenges Mr. Spillard wants to assert.)

This action is **DISMISSED** because this Court lacks the authority to issue a writ of mandamus to compel Judge Tigar to do anything in a case pending before him. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 24, 2021

_____
EDWARD M. CHEN
United States District Judge

2